J-S26044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOPHER JAY GARDNER | : | |
| | : | |
| Appellant | : | No. 1471 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000438-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOPHER J. GARDNER | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 5, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000436-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: SEPTEMBER 29, 2022**

Kristopher J. Gardner appeals[1] from the November 5, 2021 aggregate

judgment of sentence of 8½ to 17 years' imprisonment, plus $2,000 in fines

---

[*] Former Justice specially assigned to the Superior Court.

[1] The appeals in this matter were consolidated by this Court's January 13, 2022 order granting Appellant's consolidation application.

and $5,640.87 in restitution to the victims, imposed after he pled guilty to two counts of home improvement fraud.[2]   After careful review, we affirm the judgment of sentence.

The relevant facts of this case, as gleaned from the certified record, are as follows:   In the fall of 2017, Appellant engaged with two separate homeowner-victims to perform repair work on the roofs of their respective homes, collected a deposits from each to purchase materials, and then failed to complete either roofing job as agreed upon.

The trial court summarized the lengthy procedural history of this case as follows:

> [Appellant] was originally charged with two counts of deceptive or fraudulent business practices, 18 Pa.C.S.[A.] § [4107](a)(2), graded as a felony of the third degree, with one count in each case.  [Appellant] entered negotiated guilty pleas to those charges in both cases on November 4, 2019.  Sentencing was to have occurred on February 20, 2020. However, [Appellant] moved to withdraw his pleas, and at the same time, this Court notified [Appellant] that it was rejecting his pleas based on the information that had been revealed in the pre-sentence investigation.
>
> Due to delays caused by the COVID-19 pandemic and the resulting judicial emergency, jury selection and trial was not scheduled to occur for both matters until September 2020. In the intervening time, the Commonwealth moved to amend the criminal informations to add a single count of home improvement fraud, 73 P.S. § 517.8(a)(2), in each case (two counts total). The offense was graded as a felony of the second degree in case no. 436-2019 due

---

[2] 73 P.S. § 517.8(a)(2).

to the victim's age (over 60), and as a felony of the third degree in case no. 438-2019. The Court granted the amendments on June 10, 2020.

In response, [Appellant] filed an Omnibus Pretrial Motion that sought, *inter alia*, to dismiss the additional counts, claiming that he was prejudiced by the amendments. That motion was denied by this Court in a written Order and Opinion entered July 14, 2020.

Despite the best efforts of all involved, [Appellant] was not brought to trial in September 2020. The COVID-19 pandemic caused further delays, and [Appellant] was not brought to trial until March 9, 2021. At trial, the Commonwealth presented its case-in-chief, and at the close thereof, [Appellant] elected to enter guilty pleas in lieu of proceeding to a verdict. [Appellant] pleaded guilty to a single charge of home improvement fraud in each case (two counts total), with the remaining charges dismissed. Sentencing was scheduled to occur at a later date in order to allow [Appellant] time to address the restitution that all parties acknowledged would be imposed in each case.

[Appellant] was sentenced in relation to his guilty pleas on May 6, 2021. The Court imposed reduced terms of incarceration in each case, predicated on [Appellant's] payment, that day, of restitution in the amount of $ 5,640.00 cash to his two victims. That payment was not made, and the Commonwealth moved to modify the sentenced imposed pursuant to Pa.R.Crim.P. 721. The Court granted the motion, and re-sentenced [Appellant] on May 20, 2021, imposing much more significant terms of incarceration in each case. However, due to a combination of a transcription error by the Clerk of Courts and a grading error by this Court, the sentences set forth the Orders of Re-Sentence for each case imposed terms of incarceration that were beyond the statutory maximums, resulting in illegal sentences.

[Appellant] filed a counseled post-sentence motion, and after a hearing held by means of advanced communication technology on September 23, 2021,

- 3 -

> the Court issued an order and opinion on October 5, 2021, granting it in part and denying it in part. The final outcome was that on October 5, 2021, the Court resentenced [Appellant] as follows:
>
> [at Docket No. 436-2019, 5 to 10 years' imprisonment, a $1,000 fine, and restitution to the victim in the amount of $3,140.87; and at Docket No. 438-2019, 3½ to 7 years' imprisonment consecutive to the sentence imposed at Docket No. 436-2019, a $1,000.fine, and restitution to the victim in the amount of $2,500.00.]
>
> [Appellant] filed a second post-sentence motion, requesting reconsideration of the above sentences and that the Court conduct a sentencing hearing at which he could be physically present. The motion was granted, and after a hearing held on November 5, 2021, at which [Appellant] was present in person, the Court denied [Appellant's] request for resentencing and entered final sentencing orders reimposing the sentences entered on October 5, 2021. [Appellant's] counsel made a third, on the record post-sentence motion in order to ensure that [Appellant's] appellate rights in regard to the sentences were preserved. That post-sentence motion was denied by the Court.

Trial court opinion, 1/7/22 at 1-3 (sentencing chart and extraneous capitalization omitted).

This timely appeal followed on November 10, 2021. That same day, Appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Thereafter, on January 7, 2022, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> 1.    Was the sentence imposed by the trial court manifestly excessive, when it imposed a sentence at the statutory maximum exceeding

- 4 -

the range set forth in the Sentencing Guidelines; when it failed to properly account for [Appellant's] acceptance of responsibility for his actions, his stated remorse, his efforts to pay restitution to the victim, and his conduct during release from custody; and when it was based in part on the actions of a third party?

2. Did the trial court err by denying [Appellant's] Omnibus Pre-Trial Motion for Relief seeking dismissal of Count 2 of the Amended Information filed by the Commonwealth, when the amendment prejudiced his ability to address that charge and the motion to amend the information was granted **ex parte**?

Appellant's brief at 7-8.

Appellant first argues that the trial court abused its discretion by imposing a "manifestly excessive" sentence that was outside of the Sentencing Guidelines. **Id.** at 24.

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), **appeal denied**, 117 A.3d 297 (Pa. 2015).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his claim in both a post-sentence motion and orally on the record at the resentencing hearing. Appellant has failed to include a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f), but the Commonwealth has not objected to this omission. "[W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this [c]ourt may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate." ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) (citation omitted). Accordingly, we must determine whether Appellant has raised a substantial question.

- 6 -

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

Here, Appellant contends that the trial court imposed a "manifestly excessive" sentence outside of the Guidelines without giving adequate consideration to "[his] acceptance of responsibility for his actions, his stated remorse, his efforts to pay restitution to the victim, and his conduct during release from custody[.]" Appellant's brief at 7-8.

A claim that the trial court failed to sufficiently state its reasons for imposing a sentence outside of the Sentencing Guidelines raises a substantial question. *Commonwealth v. Beatty*, 227 A.3d 1277, 1287 (Pa.Super. 2020). This Court has also held that "an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014 (citation omitted), *appeal denied*, 105 A.3d 736

(Pa. 2014). Accordingly, we may review the merits of Appellant's sentencing claim.

Our review of the record in this matter reveals that the trial court considered and weighed numerous factors in fashioning Appellant's sentence, including his extensive criminal history and his repeated failure to make restitution to the victims as he initially promised. **See** notes of testimony, 5/6/21 at 17-18; notes of testimony, 5/20/21 at 13-14. The trial court also indicated that it considered Appellant's testimony that he was remorseful and had accepted responsibility for his actions. Trial court order and opinion, 10/5/21 at 9-10; **see also** notes of testimony, 5/6/21 at 15-16; notes of testimony, 5/20/21 at 11. The trial court further noted it took into consideration the testimony of Appellant's girlfriend regarding the positive changes he had made to his life and the hardships the family was experiencing. Trial court order and opinion, 10/5/21 at 10-11; **see also** notes of testimony, 5/6/21 at 16-17. The record reflects that the trial court also considered the extensive testimony of the 81-year-old victim, Ms. Merritts. **See** notes of testimony, 5/20/21 at 12-13.

The trial court concluded that "[i]n light of the full scope of [Appellant's] conduct, his criminal history, his repeated attempts to escape meaningful punishment for his action, and his repeated ploys regarding restitution, [a] non-Guidelines sentence [is] appropriate here." Trial court order and opinion, 10/5/21 at 14. We agree.

At the May 20, 2021 hearing on the Commonwealth's motion to modify sentence, the trial court indicated that it considered multiple factors in deviating from the Sentencing Guidelines:

> It is my job to consider the impact on the life of the victim and the community and the rehabilitative needs of [Appellant]. Also, I need to consider the Sentencing Guidelines. I've reviewed the Sentencing Guidelines and I am electing to go outside the Sentencing Guidelines because I do not think they're appropriate under the circumstances.
>
> We have two victims who have not been made whole. One of the victims is an elderly victim. They have been out their money for, as the victim said, four years. These guidelines are wholly inadequate under the circumstances of this case. I'm also taking into consideration the testimony I heard at trial. There has been no remorse whatsoever and still, still not acknowledgment of remorse in this case by [Appellant].

Notes of testimony, 5/20/21 at 13-14.

At the November 5, 2021 resentencing hearing, the trial court again placed its reasons on the record for sentencing Appellant above the Guidelines:

> Thank you. I have placed this on the record before. But at sentencing it is my duty to consider the pre-sentence investigation, the statements of counsel, your statement, [Appellant], and the Sentencing Guidelines. I have considered all that. I need to consider the protection of the public and your rehabilitative needs, and I have considered all that. I understand, after considering the Sentencing Guidelines, what the Sentencing Guidelines are. And I have chosen to exceed the Sentencing Guidelines.

Notes of testimony, 11/5/21 at 6.

Additionally, the record reflects that the trial court was in possession of a presentence investigation ("PSI") report. *Id.*; *see also* trial court order and opinion, 10/5/21 at 8. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Based on the foregoing, we find that Appellant's challenge to the discretionary aspects of his sentence must fail.

Appellant next argues that the trial court "unfairly prejudiced his defense" by allowing the Commonwealth to amend the criminal information two months prior to the anticipated start date of trial by adding a single count of home improvement fraud in each case. Appellant's brief at 24, 30. We disagree.

> We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion.
>
> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Sandoval*, 266 A.3d 1098, 1101 (Pa.Super. 2021) (citations omitted).

Pennsylvania Rule of Criminal Procedure 564 governs when the Commonwealth may amend the charges against a defendant and provides as follows:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa.Super. 2011) (citation omitted).

This Court has explained:

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

- 11 -

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1223 (Pa.Super. 2006) (citation omitted).

In evaluating whether Appellant was prejudiced by an amendment, we must consider the following six factors:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id.* (citations omitted).

"[T]he test is whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information." *Sandoval*, 266 A.3d at 1102 (citation and internal quotation marks omitted).

In the instant matter, our review of the certified record reveals that the trial court fully considered the mandates of Rule 564 and its accompanying case law prior to granting the Commonwealth's motion to amend the criminal information. *See* trial court order and opinion, 7/14/20 at 2-4. We agree with the trial court's conclusion that the Commonwealth's amendment of the

- 12 -

information was proper and that Appellant was not prejudiced to a degree which should result in his conviction being overturned.

The record reflects that the elements or defenses to the amended offenses, home improvement fraud, 73 P.S. § 517.8(a)(2), are not so materially different from the elements or defenses to the crimes originally charged, deceptive of fraudulent business practices, 18 Pa.C.S.A. § 4107(a)(2). Appellant was clearly aware of the facts underlying the charges in the amended information from the time charges were first brought against him. Moreover, the crimes specified in the original information evolved out of the same factual situation as the crimes specified in the amended information. *See Sandoval*, 266 A.3d at 1102. Namely, Appellant accepted payment from two victims for home improvement services and did not fully complete the work as agreed upon.

Because Appellant had notice of the facts surrounding the amended information and was not prejudiced by the amendment, we discern no abuse of discretion on the part of the trial court in granting the Commonwealth's motion to amend the information. Accordingly, Appellant's second claim warrants no relief.

For all the forgoing reasons, we affirm the trial court's November 5, 2021 judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2022

---

[3] In light of our disposition, Appellant's August 4, 2022 supplemental motion requesting temporary release from incarceration based upon a hardship furlough is denied.