2021 PA Super 242

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA SANDOVAL | : | |
| | : | |
| Appellant | : | No. 389 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 4, 2020
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):  CP-16-CR-0000172-2020

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY KING, J.:                    **FILED: DECEMBER 14, 2021**

Appellant, Joshua Sandoval, appeals from the judgment of sentence entered in the Clarion County Court of Common Pleas, following his bench trial conviction for failure to comply with Subchapter I registration requirements.[1] We affirm.

The relevant facts and procedural history of this case are as follows.  At trial, the Commonwealth admitted an 8-page packet which detailed Appellant's prior sexual conviction.  (**See** N.T Trial, 10/13/20, at 4).  According to the Commonwealth's evidence, on June 27, 2011, Appellant entered a plea to one count of abduction with sexual motivation in the Court of Common Pleas of Franklin County, Ohio.  (**Id.**)  The Ohio court sentenced Appellant to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915.2(a)(1).

two years at the Ohio Department of Rehabilitation and Correction and required him to register as a Tier II sex offender under Ohio's laws for a period of 25 years. (*Id.*)

At the beginning of August 2019, Appellant moved from Ohio to Clarion County, Pennsylvania. (*Id.* at 45). On February 20, 2020, Subway Restaurant hired Appellant at the Plaza Subway location in Monroe Township, Pennsylvania. (*Id.* at 8). On March 12, 2020, Subway terminated his employment. (*Id.*) Appellant did not report this termination of employment as required under the sexual offender notification law. (*Id.*) Trooper Katie Berggren of the Pennsylvania State Police became aware of Appellant's employment termination on March 23, 2020. (*Id.* at 14). After making this discovery, Trooper Berggren contacted Evelyn Stoner who oversees noncompliance with sex offender reporting and registration requirements. (*Id.*) Ms. Stoner informed Trooper Berggren that the law required Appellant to report a change in his employment by the beginning of the day on March 18, 2020. (*Id.*) Appellant failed to do so, and as a result of his noncompliance, Trooper Berggren applied for an arrest warrant and filed a criminal complaint for one count of failure to comply with registration requirements under 18 Pa.C.S.A § 4915.1(a)(1). (*Id.* at 24).

At the conclusion of the Commonwealth's case-in-chief, Appellant's counsel moved for judgment of acquittal on the grounds that Appellant "was intentionally charged under the wrong subsection of the statute." (*Id.* at 27).

Counsel explained the basis for his motion was that 18 Pa.C.S.A §
4915.1(a)(1), under which the Commonwealth charged Appellant, pertains to
sex offenses that occurred after December 20, 2012, but Appellant's Ohio
conviction stemmed from an offense that occurred in 2010. (*Id.* at 28). Thus,
counsel argued this statute did not apply to Appellant. (*Id.*) Further, counsel
explained that the correct statute that applies to Appellant was 18 Pa.C.S.A §
4915.2(a)(1).[2] After hearing this argument, the Commonwealth moved the
court to allow it to amend the information to change the crime charged from
18 Pa.C.S.A § 4915.1 to 18 Pa.C.S.A § 4915.2. (*Id.* at 31). The court granted
the Commonwealth's motion to amend, and it denied Appellant's motion for
judgment of acquittal. (*Id.* at 43).

In his defense, Appellant testified that he planned to update the state
police on his change in employment whenever the Covid-19 restrictions eased
(*Id.* at 57-60).[3] At the conclusion of the trial, the court found Appellant guilty
of failure to comply with Subchapter I registration requirements under 18
Pa.C.S.A. § 4915.2. (*Id.* at 82).

---

[2] Counsel correctly stated that Appellant was subject to reporting
requirements under Subchapter I because Appellant committed his Ohio
offense between April 22, 1996 and December 20, 2012. *See* 42 Pa.C.S.A.
§§ 9799.51-9799.75.

[3] Notably, Trooper Berggren had testified that the sex offender registration
unit within the state police did not change any of its policies because of the
Covid-19 virus until March 19, 2020, the day after Appellant should have
reported his change in employment. (*Id.* at 22).

On November 4, 2020, the court sentenced Appellant to 2-4 years' incarceration. Appellant timely filed a post-sentence motion on Monday, November 16, 2020. The court denied post-sentence relief on February 11, 2021. Appellant filed a timely notice of appeal on March 10, 2021. On March 17, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

Appellant raises the following issues for our review:

> Whether the [t]rial [c]ourt abused its discretion by allowing the Commonwealth to amend the information as to the sole charge that [Appellant] was facing in the middle of trial after the Commonwealth had rested and Undersigned Counsel had moved for Motion for Judgment of Acquittal?
>
> Whether the trial court abused its discretion in finding that [Appellant]'s violation of [18 Pa.C.S.A. § 4915.2(a)(1)] went beyond a *de minimis* violation, [and] thus erred in finding him guilty of that offense?

(Appellant's Brief at 4).

In his first issue, Appellant argues that the court abused its discretion by allowing the Commonwealth to amend the information after the Commonwealth rested its case-in-chief. Appellant contends that the Commonwealth incorrectly charged him for failing to comply with registration requirements under 18 Pa.C.S.A § 4915.1 (which applies to individuals who committed sex offenses on or after December 20, 2012), instead of 18 Pa.C.S.A § 4915.2 (which applies to individuals who committed sex offenses after April 22, 1996 but before December 20, 2012). After the Commonwealth rested, the court denied Appellant's motion for judgment of acquittal, and

- 4 -

Appellant asserts that it was too late for him to request a continuance. Appellant claims the court's decision to allow the Commonwealth to amend the information after he moved for acquittal violated Pa.R.Crim.P. 564. Appellant maintains that the amendment prejudiced his defense strategy. Appellant concludes that this Court should vacate his conviction and dismiss this case with prejudice. We disagree.

We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. **Commonwealth v. Small**, 559 Pa. 423, 450, 741 A.2d 666, 681 (1999). As this Court has explained:

> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

**Commonwealth v. Belknap**, 105 A.3d 7, 10 (Pa.Super. 2014) (citations omitted).

Section 4915.1(a)(1) of the Crimes Code applies to individuals who committed a requisite offense on or after December 20, 2012, and states:

> **(a) Offense defined**.—An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

* * *

18 Pa.C.S.A. § 4915.1(a)(1).

Section 4915.2 of the Crimes Code applies to individuals who committed an offense set forth in 42 Pa.C.S.A. § 9799.55 on or after April 22, 1996, but before December 20, 2012, and whose period of registration under 42 Pa.C.S.A. § 9799.55 has not expired. 18 Pa.C.S.A. § 4915.2(f)(1). Section 4915.2(a)(1) states:

> **(a) Offense defined**.—An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);
>
> * * *

18 Pa.C.S.A. § 4915.2(a)(1).

Pennsylvania Rule of Criminal Procedure 564 governs when the Commonwealth may amend the charges against a defendant, and provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as necessary in the interests of justice.

Pa.R.Crim.P. 564. The purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last-

minute addition of alleged criminal acts of which the defendant is uninformed.

***Commonwealth v. Duda***, 831 A.2d 728, 732 (Pa.Super. 2003).

This Court has explained:

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

***Commonwealth v. Sinclair***, 897 A.2d 1218, 1223 (Pa.Super. 2006).

Even in instances where the amendment is deemed improper, our Supreme Court has determined that relief is necessary only when the amendment prejudices the defendant.  ***See Commonwealth v. Brown***, 556 Pa. 131, 727 A.2d 541 (1999) (holding amendment violating Rule 564 is fatal only when variance between original and new charges prejudices appellant). In evaluating prejudice, we consider:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Sinclair, supra*** at 1223.  Stated another way, the test is "whether the crimes specified in the original indictment or information involve the same basic

- 7 -

elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information." *Id.* at 1221.

Thus, this Court has repeatedly affirmed the amendment of a criminal information during and even after trial where there is no showing of prejudice. *See Commonwealth v. Beck*, 78 A.3d 656 (Pa.Super. 2013) (upholding amendment of information after Commonwealth's case-in-chief); *Commonwealth v. Mentzer*, 18 A.3d 1200 (Pa.Super. 2011) (upholding amendment of information at sentencing); *Commonwealth v. Page*, 965 A.2d 1212 (Pa.Super. 2009) (upholding amendment of information after close of evidence, but prior to closing arguments); *Commonwealth v. Roser*, 914 A.2d 447 (Pa.Super. 2006) (upholding amendment of information after appellant testified in his defense). The rationale utilized in these cases is that "our courts apply [Rule 564] with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of procedural rules." *Commonwealth v. Grekis*, 601 A.2d 1284, 1288 (Pa.Super. 1992).

Instantly, the trial court considered the factors outlined in *Sinclair, supra*, and determined that Appellant was not prejudiced by the late amendment. The court reasoned that the elements or defenses to the amended offense, 18 Pa.C.S.A. § 4915.2(a)(1), are not so materially different from the elements or defenses to the crime originally charged, 18 Pa.C.S.A. § 4915.1(a)(1). The court further explained its reasoning as follows:

Both statutes apply to the same alleged conduct of [Appellant]—his failure to report a termination of employment to the Pennsylvania State Police. As previously set forth in the Procedural and Factual Background of this Opinion and Order of Court, one difference between the statutes is the date of [Appellant]'s conviction that makes him subject to 18 Pa.C.S.A. § 4915.2(a)(1) instead of 18 Pa.C.S.A. § 4915.1(a)(1). The second difference is that 18 Pa.C.S.A. § 4915.2(a)(1) refers to the registration procedures set forth in 42 Pa.C.S.A. § 9799.56, which requires sexual offenders under subsection (a)(2)(ii), to "inform the Pennsylvania State Police within three business days of…termination of employment." While, 18 Pa.C.S.A. § 4915.1(a)(1) refers to the registration procedures set forth in 42 Pa.C.S.A. § 9799.15 and specifically applicable in this case, subsection (g)(3), which requires sexual offenders to "appear in person at an approved registration site within three business days to provide current information relating to…termination of employment." So, where the original offense with which [Appellant] was charged would have required [Appellant] to report in-person to the Pennsylvania State Police; the amended offense only set forth the requirement that [Appellant] contact the Pennsylvania State Police to report his termination from employment. Whether [Appellant] was required to report his termination of employment within three (3) days to the Pennsylvania State Police in-person, as required by 42 Pa.C.S.A. § 9799.15, or just by contacting the Pennsylvania State Police, as required by 42 Pa.C.S.A. § 9799.56, the allegation was that [Appellant] failed to do either of these things. Consequently, [Appellant] was placed on notice in regard to his criminal conduct under either statute and the amendment would not have resulted in prejudice to him.

(Trial Court Opinion, filed February 10, 2021, at unnumbered p. 5-6).

Further, after the court granted the Commonwealth's request to amend the information, Appellant did not request a continuance. *See* ***Commonwealth v. Fowler***, 393 A.2d 844, 847 (Pa.Super. 1978) (holding failure to request continuance after amendment to information supports

conclusion that amendment caused no prejudice). We agree with the court's conclusion that the Commonwealth's amendment of the information after the close of its case did not prejudice Appellant to a degree which should result in his conviction being overturned. **See Beck, supra**. Indeed, this Court has affirmed the amendment of a criminal information during and even after trial where there is no showing of prejudice. **See Mentzer, supra**; **Page, supra**.

As the court explained, Appellant was clearly aware of the facts underlying the charges in the amended information from the time charges were first brought against him. The crime specified in the original information involved the same basic elements and evolved out of the same factual situation as the crime specified in the amended information. **See Sinclair, supra**. Because Appellant had notice of the facts surrounding the amended information and was not prejudiced by the amendment, we see no abuse of discretion in the court's allowance of the amendment. **See Small, supra**. Accordingly, Appellant's first issue warrants no relief.

In his second issue, Appellant argues that his conviction under Section 4915.2 which criminalizes the failure to notify the Pennsylvania State Police of a change of employment within three business days is a *de minimis* violation. Appellant asserts that his arrest occurred only five days after the deadline to notify the police had expired. Appellant contends he was uncertain as to whether the police barracks would be open due to Covid-19 restrictions. Appellant claims that his violation of Section 4915.2 neither "caused nor

threatened the harms or evils" to be prevented under the law. Appellant concludes his offense was *de minimis*, and this Court should reverse his conviction. We disagree.

"We review a trial court's failure to characterize [an a]ppellant's conduct as *de minimis* for an abuse of discretion." ***Commonwealth v. Olavage***, 894 A.2d 808, 812 (2006), *appeal denied*, 589 Pa. 720, 907 A.2d 1102 (2006).

The Crimes Code governs *de minimis* infractions as follows:

### § 312. *De minimis* infractions

**(a) General rule**.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a).

"The purpose of Section 312 is to remove petty infractions from the reach of the criminal law." ***In re M.M.***, 855 A.2d 112, 114 (Pa.Super. 2004). "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." ***Commonwealth v.***

- 11 -

*Lutes*, 793 A.2d 949, 963 (Pa.Super. 2002). The purpose for requiring sexual offenders to register is because sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest. *See* 42 Pa.C.S.A. § 9799.11(a)(4). Further, the legislative intent for requiring registration explains that knowledge of whether a person is a sexual offender could be a significant factor in protecting oneself and one's family members, or those in care of a group or community organization, from recidivist acts by such offenders. *See* 42 Pa.C.S.A. § 9799.11(a)(7).

Instantly, the court was not obligated to accept Appellant's explanation that his failure to comply with the registration requirements was because of the pandemic. The court rejected this contention by noting that Covid-19 restrictions and shutdowns had not yet occurred at the time Appellant's period to report the termination of his employment expired. (*See* N.T. Trial at 74). In denying Appellant's request to dismiss this case as *de minimis*, the court noted that "this is one of those offenses that needs to be strictly construed and strictly complied with." (*Id.*). The court further stated that the seriousness of this offense is precisely the harm or evil sought to be prevented by the law. (*Id.*) We see no reason to disrupt the court's decision. *See Olavage, supra*; *Lutes*, *supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2021