J-A29028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN BRADLEY PETERS, SR. | : | |
| | : | No. 661 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 28, 2021
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-MD-0000010-2021

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 9, 2022**

John Bradley Peters, Sr., appeals from the judgment of sentence imposed after the trial court convicted him of indirect criminal contempt ("ICC") of an existing protection from abuse ("PFA") order. We remand with instructions and retain jurisdiction.

We glean the following from the record. Appellant is married to Stacey Peters, though they are currently involved in divorce proceedings. Prior to the separation, in 2017, Ms. Peters purchased a residence in Sligo, Pennsylvania to restore and rent. Appellant initially was involved in restoring the property, but due to his unfinished work, the residence was not habitable.[1] As a result of an incident involving Appellant, Ms. Peters, and their adult son,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, walls had been removed, a water pipe had burst, the gas and water utilities had been shut off, and there was only electric on the first floor.

John Bradley Peters, Jr. ("Junior"), Appellant was arrested on assault charges and proceeded to trial. After he was acquitted, Ms. Peters sought a PFA order. On October 30, 2020, a three-year final PFA order was issued in Jefferson County, which prohibited Appellant from having any contact with Ms. Peters. Thereafter, Appellant initiated divorce proceedings.

On February 9, 2021, Ms. Peters and Junior drove in separate vehicles to the Sligo residence to pick up some items Ms. Peters had stored there. When they arrived, two cars that they did not recognize were parked at the property, so Junior stopped in the street. Ms. Peters stopped behind him and lowered her car window. Junior exited his vehicle and walked over to Ms. Peters' vehicle to talk to her. At the same time, Appellant walked out of the residence and directly towards Ms. Peters' vehicle. He told Junior that he was not to come in the residence and then continued to proceed towards Ms. Peters. When Appellant was about four feet from her vehicle, she asked him what he was doing there. Appellant stopped in the road and said that he owned the house and lived there. Ms. Peters and Junior both called the police and Appellant walked away. Junior returned to his vehicle, and he and Ms. Peters drove to a nearby gas station to wait for the police to arrive.

As a result of the foregoing, Appellant was arrested for violating the PFA order. Following a hearing, the trial court found Appellant guilty of ICC and sentenced him to pay a fine. The trial court did not impose a period of incarceration or probation. Appellant filed a post-sentence motion, which the trial court denied in part and granted in part.

This timely filed appeal followed. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925. Appellant raises the following issues for our review:

> 1. That the trial court erred in convicting [Appellant] of [ICC], and subsequently not finding that said verdict was against the weight of the evidence presented during the trial.
>
> 2. That the trial court erred in concluding that sufficient evidence was presented during [Appellant's] trial to establish each of the elements necessary to sustain a conviction for [ICC].
>
> 3. That the trial court erred in convicting [Appellant] of [ICC], namely in that any potential violations were only *de minimis* in nature, and thus should have been dismissed as a matter of law.

Appellant's brief at 5 (unnecessary capitalization omitted).

At the outset, we observe that the trial court only addressed Appellant's sufficiency challenge in its Rule 1925(a) opinion. Notably, this Court's standards of review with respect to a *de minimis* claim and a weight challenge require us to review the discretion of the trial court. "We review a trial court's failure to characterize an appellant's conduct as *de minimis* for an abuse of discretion." ***Commonwealth v. Sandoval***, 266 A.3d 1098, 2021 WL 5895033, at *5 (Pa.Super. 2021) (cleaned up). As to a weight challenge, our review is distinct from that applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of

the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (cleaned up).[2]

Although the trial court denied the portions of Appellant's post-sentence motion pertaining to his *de minimis* claim and weight challenge, the court did so without discussion. Despite raising these claims in his Rule 1925(b) statement, the trial court only addressed the sufficiency of the evidence in its Rule 1925(a) opinion. The sufficiency of the evidence, however, was not the question before the court on Appellant's *de minimis* claim or his weight challenge. Rather, for the weight challenge, "[t]he question the trial court should have been answering, in the sound exercise of its discretion, was whether notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa.Super. 2003) (cleaned up). Likewise, for the *de minimis* claim, the court should have considered whether Appellant's conduct was *de minimis* pursuant to 18 Pa.C.S. § 312. Based on the record before us, we are unable to

---

[2] We recognize the inherent incongruity in asking a trial judge to conclude that his non-jury decision shocked his own conscience. Nonetheless, this Court applies the same standard of review to weight claims regardless of whether the trial judge presided over a jury or non-jury trial.

determine whether the trial court reached either conclusion and therefore cannot review the trial court's discretion.

Accordingly, we remand to the trial court with directions to review Appellant's *de minimis* claim and challenge to the weight of the evidence under the appropriate standards and write a supplemental opinion within 30 days of the filing of this memorandum, detailing its ruling and findings. ***See Commonwealth v. Ragan***, 653 A.2d 1286, 1288 (Pa.Super. 1995) (remanding for supplemental opinion where trial court addressed sufficiency of the evidence but not weight of the evidence).

Given our disposition, we decline to address Appellant's sufficiency claim at this time.

Case remanded with instructions. Panel jurisdiction retained.