J-S21001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD LEE ROBERTS | : | |
| | : | |
| Appellant | : | No. 132 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 16, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003177-2023

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED AUGUST 11, 2025**

Gerald Lee Roberts appeals from the judgment of sentence entered after he was convicted of sexual offenses against a minor, namely rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and indecent assault of a person less than 13 years of age.[1] He challenges the weight of the evidence for all of these convictions. However, Roberts failed to preserve his issue. Even if Roberts had preserved his issue, it would fail. Thereby, we affirm.

On May 3, 2023, the Bristol Township Police charged Roberts with the above crimes, alleging that he sexually assaulted a minor on four occasions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§3121(c) (rape of a child); 3123(b) (involuntary deviate sexual intercourse with a child); 3125(b) (aggravated indecent assault of a child); and 3126(a)(7) respectively: indecent assault of a person less than 13 years of age.

On August 12 and 13, 2023, the parties appeared for a non-jury trial. The Commonwealth presented the testimony of the victim, the mother of the victim, the Detective who interviewed the victim, the CAC forensic interviewer, the pediatrician who reviewed the victim's medical evaluation, a mental health therapist, and the victim's sister. Roberts offered testimony from his wife and his son. He did not testify himself. The trial court found Roberts guilty of all charges. On December 16, 2024, the trial court sentenced Roberts to an aggregate term of five to twelve years' incarceration. Roberts did not file post-sentence motions. Roberts timely appealed. Roberts and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Roberts raises one issue:

> Did the lower court err in finding that the verdict of guilty on all counts was not against the weight of the evidence?

Roberts' Brief at 4.

Roberts argues that both defense witnesses presented credible and compelling testimony, contradicting the victim on important points of the case. He contends that the verdict was against the weight of the evidence because the only direct evidence concerning the alleged crimes the Commonwealth offered was the complainant's testimony that Roberts sexually molested her when she was between the ages of nine and thirteen.

Generally, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Rule 607 of the

Pennsylvania Rules of Criminal Procedure sets forth the required procedure for challenges to the weight of the evidence:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Where an appellant fails to preserve a weight of the evidence challenge in such a manner, the claim is waived for purposes of appellate review. *Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012). Raising the claim for the first time in the concise statement of matters complained of on appeal does not save the claim from waiver. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Here, Roberts did not file a post-sentence motion. Also, before sentencing, Roberts did not orally, or in writing, present a motion for a new trial, claiming the verdict was against weight of the evidence. Notably, Roberts fails to identify where in the record he preserved his argument for appeal. Thus, Roberts has waived his sole issue.

Even if Roberts had not waived his issue, the issue would fail on the merits. In an appeal challenging that the verdict was against the weight of the evidence, our standard of review is whether the trial court abused its discretion. *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)

(citations omitted). The trial court determines whether the verdict shocked its conscience, we then review that determination for an abuse of discretion. ***Commonwealth v. Sandoval***, 266 A.3d 1098, 1101 (Pa. Super. 2021). "An abuse of discretion is not merely an error of judgment but is rather (1) the overriding or misapplication of the law, (2) the exercise of judgment that is manifestly unreasonable, or (3) the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record." ***Id.***

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). An appellate court cannot substitute its judgment for that of the finder of fact. ***Id.*** Further, we observe a logical inconsistency in challenging the weight of the evidence after a non-jury verdict. ***See Commonwealth v. Banniger***, 303 A.3d 1085, 1095 (Pa. Super. 2023) (asking a judge in a non-jury trial, who determined the weight and admissibility of evidence, to find their own verdict shocked their conscience would be highly incongruous).

Here, the trial court generally found the victim to be credible and observed that her testimony was "corroborated and supported by all the other evidence offered by the Commonwealth." Trial Court Opinion, 2/28/25, at 4. "Taken together, all the evidence left no doubt in the [c]ourt's mind that Roberts was guilty of the charges against him." ***Id.***

As to Count 1, rape of a child, the trial court observed that the victim credibly testified to two incidents in great detail. The first occurred in Roberts' house in Pennsylvania when she was 9, and the second in a hotel room in New Jersey when she was 11.

The trial court rejected the testimony offered by the defense and found that the testimony of the defense witnesses was shocking and incredible.

> Roberts offered the testimony of his wife Maria and son Jordan in an effort to cast doubt upon the overwhelming evidence against him. This was to no avail, as we did not find their testimony to be credible. For example, Maria testified that her husband always uses a condom during intercourse because he suffers from a sexually transmitted disease. If that were true, Roberts could have simply offered a medical report or the testimony of his doctor, but there was no evidence to support that contention. In fact, there was never any mention of a sexually transmitted disease until Maria testified in court. Neither she, nor Roberts told the investigating police officer, and no medical reports were produced to corroborate her testimony. We found that shocking and the testimony to be not worthy of belief.

T.C.O., 2/28/25, at 13.

As to Count 2, involuntary deviate sexual intercourse with a child, the trial court found that the victim clearly and credibly depicted the events that occurred on a separate occasion with Roberts in his office. T.C.O., 2/28/25, at 13-14

As to Counts 3 and 4, aggravated indecent assault of a child and indecent assault, the trial court found that Roberts clearly acted on his own volition and committed the charged offenses.

> In the instant matter, the evidence clearly established, beyond a reasonable doubt, that Roberts committed these acts without

the consent of [the victim]. On each occasion [the victim] testified that Roberts never said anything before, during, or after sexually assaulting her, and clearly acted on his own volition. N.T. 8/12/24 at 17-18, 25-27, 36-37, 41. At all times relevant hereto, [the victim] was younger than 13 years of age when Roberts committed these acts. Accordingly, the verdict of guilty on the charge of aggravated indecent assault of a child was not against the weight of the evidence.

Here, the evidence has clearly established that Roberts engaged in indecent contact with [the victim]. The record is void of any evidence which may suggest that this was an accident or mistake of Roberts. Additionally, there is nothing in the record which could establish that Roberts committed these acts for any other purpose but for his own sexual gratification, against a victim that was established to be younger than 13 years of age during each occurrence.

Accordingly, the evidence presented proved the elements of this crime beyond a reasonable doubt. Therefore, the guilty verdict on the charge of indecent assault of a person less than 13 years of age was not against the weight of the evidence.

T.C.O., 2/28/25, at 14-15.

Upon review, we discern no abuse of discretion as to any of the counts against Roberts. The trial court directly observed the witnesses and made credibility determinations. Nothing in the record indicates that these determinations were manifestly unreasonable or the product of partiality, prejudice, bias or ill will. Roberts essentially asks us to reweigh the evidence presented at trial and reassess the credibility of the witnesses. This we cannot do. **See Champney, supra.** Thus, even if Roberts had properly preserved his weight challenge, it would fail.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/11/2025</u>